UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | No. 2:23-cv-01031 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| LAW OFFICES OF BRANDAN LEIBROCK AND JOHN GONZALEZ, | |
| Defendants. | |

On June 1, 2023, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

Plaintiff's civil cover sheet contains checked boxes for both diversity jurisdiction and federal question jurisdiction. Id. Although plaintiff does not list defendants' address, the factual allegations strongly indicate that both plaintiff and defendant are California citizens. In the complaint, plaintiff alleges that while he was detained by the Sacramento County Sherriff's Department awaiting trial, defendant John Gonzalez visited him and promised representation for plaintiff with respect to his criminal charges. ECF No. 1 at 1. This suggests that both plaintiff and defendants are citizens of California. Accordingly, there does not appear to be a basis for diversity jurisdiction on the face of the complaint.

Nor does there appear to be a basis for federal question jurisdiction. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint specifically mentions one federal law, 42 U.S.C. 1983, but states that plaintiff is "suing for conspiracy to commit murder and inflict bodily injury" under this statute. ECF No. 1 at 4. Plaintiff also refers to § 1983 claims for "malfeasance in negligence." Id.

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right secured by the Constitution and . . . law of the United States' and that the deprivation was 'under color' of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). "Action under color of state law normally consists of action taken by a public agency or officer." Taylor v. First Wyo.

1  Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983).  There is no cause of action under § 1983 for
2  claims against private parties where no government involvement is alleged.  See Apao v. Bank of
3  New York, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S. 948 (2003) (§ 1983 "shields
4  citizens from unlawful government actions, but does not affect conduct by private entities.").

5      Here, plaintiff is suing a private law firm and/or attorneys in private practice, not a
6  government agency or official.  Further, plaintiff is not alleging deprivation of any constitutional
7  right; instead he is casting tort claims ("negligence") and criminal claims ("murder") as claims
8  under §1983.  These are not appropriate claims under §1983.  Additionally, the complaint largely
9  refers to criminal violations, and plaintiff does not have authority to sue under the criminal code.
10 "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by
11 the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the
12 United States Code does not establish any private right of action and cannot support a civil
13 lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide
14 no basis for civil liability).  Because there is no cognizable federal claim identified in the
15 complaint, and the parties do not appear to be diverse, the undersigned believes there is no federal
16 jurisdiction.

17     Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in
18 writing, no later than June 20, 2023, why this court has subject matter jurisdiction over his case.
19 If plaintiff fails to respond by that date, the court will recommend dismissal of his case with
20 prejudice for lack of subject matter jurisdiction.

21 DATED: June 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE