UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF BRANDAN LEIBROCK AND JOHN GONZALEZ,<br><br>Defendants. | No.  2:23-cv-01031 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On June 1, 2023, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned reviewed the complaint and, concerned that this court lacked subject matter jurisdiction, ordered plaintiff to show cause why the case should not be dismissed. ECF No. 4. Plaintiff filed a response on June 12, 2023. ECF No. 6. The court has reviewed the response and concludes that the court lacks jurisdiction.

### I.    The Complaint

The complaint alleges that attorney John Gonzalez assumed representation of plaintiff in a Sacramento County criminal case, and that Gonzalez and his law partner Brandan Liebrock mishandled the case, committed numerous acts of misconduct (including "unlawful real estate speculation," "conversion of estate assets," and defamation), and abandoned plaintiff. ECF No. 1. The complaint does not set forth clearly identified causes of action, but states in the middle of a

1

convoluted factual narrative that "Plaintiff is suing for violation of civil rights under Title 42 Section 1983 attesting that Gonzalez and Leibroch had acted 'under color of the law' unconstitutionally against plaintiff estate for unlawful financial gain." ECF No. 1 at 4. Plaintiff also states that he "is suing for conspiracy to commit murder and inflict bodily injury under Title 42 Section 1983." Id.

## II. Analysis

Plaintiff's case must be dismissed for lack of subject matter jurisdiction because the parties are not diverse, and the complaint does not present a cognizable federal question.

### A. Applicable Law

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).[1]

### B. Plaintiff Has Not Established Diversity Jurisdiction

Plaintiff's civil cover sheet contains checked boxes for both diversity jurisdiction and federal question jurisdiction. Id. Although plaintiff does not list the defendants' address, the factual allegations strongly indicate that both plaintiff and defendant are California citizens. In the complaint, plaintiff alleges that while he was detained by the Sacramento County Sheriff's Department awaiting trial, Gonzalez visited him and promised representation with respect to plaintiff's criminal charges. Gonzalez and Leibroch both thereafter represented plaintiff in

---

[1] Though plaintiff is proceeding in pro se, the court notes that he is very well acquainted with the concept and requirement of subject matter jurisdiction in federal courts, having had multiple prior suits dismissed on this basis. Selck v. County of Sacramento, 2:18-cv-2447-JAM-EFB; Selck v. County of Sacramento, 2:19-cv-00489-KJM-AC; Selck v. Department of Social Services, 2:19-cv-00935-JAM-EFB; Selck v. Williams, 2:19-cv-00952-JAM-EFB; Selck v. Mikuni Restaurants, 2:22-cv-02141-KJM-KJN.

1  Sacramento County Superior Court.  These facts indicate that both plaintiff and defendants are
2  citizens of California.  Plaintiff does not address the issue of citizenship in his response to the
3  order to show cause.  Instead, he notes that the amount in controversy exceeds $75,000.  ECF No.
4  6 at 1.  The amount in controversy is not sufficient without a showing of diverse citizenship.
5  There is no basis for diversity jurisdiction.

6    C. Plaintiff Has Not Presented a Federal Question and His Allegations Do Not Support
7     Any Federal Cause of Action
8     1. The Complaint Fails to State a Claim Under Section 1983

9   Plaintiff contends that this court has federal question jurisdiction because defendants acted
10 "under color of law" to violate his rights, giving rise to an action under 42 U.S.C. § 1983.  A case
11 "arises under" federal law either where federal law creates the cause of action or "where the
12 vindication of a right under state law necessarily turn[s] on some construction of federal law."
13 Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting
14 Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he
15 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
16 rule,' which provides that federal jurisdiction exists only when a federal question is presented on
17 the face of the plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions
18 Bank, 522 U.S. 470, 475 (1998)).

19  Section 1983 "creates a cause of action against a person who, acting under color of state
20 law, deprives another of rights guaranteed under the Constitution."  Henderson v. City of Simi
21 Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  "In order to allege a claim upon which relief may
22 be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right
23 secured by the Constitution and . . . of the United States' and that the deprivation was 'under
24 color' of state law."  Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros.,
25 Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)).  "Action under color of
26 state law normally consists of action taken by a public agency or officer."  Taylor v. First Wyo.
27 Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983).  There is no cause of action under § 1983 for
28 claims against private parties where no government involvement is alleged.  See Apao v. Bank of

New York, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S. 948 (2003).

Here, plaintiff is suing attorneys in private practice, not a government agency or official. Criminal defense lawyers are not subject to liability under § 1983 for their handling of criminal cases, whether they are privately retained or publicly funded. See Polk County v. Dodson, 454 U.S. 312, 325 (1982) (public defenders do not act under color of law for purposes of § 1983 liability); Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) (privately retained attorneys do not act under color of law for purposes of § 1983 liability). Accordingly, to the extent the claim rests on matters within the scope of legal representation, it is barred as a matter of law.

To the extent that plaintiff seeks to recover for acts committed beyond the scope of representation, the claim also fails. There are some, very limited, circumstances in which a private party can be liable under §1983. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). A private party may be liable under a "joint action" theory when they are a willful participant in joint action with the government or its agents. Id. This applies to a private party "only if its particular actions are 'inextricably intertwined' with those of the government." Id. at 1211. A private party may also be liable under the "symbiotic relationship test" in which the government "so far insinuated itself into a position of interdependence (with a private entity) that it must be recognized as a joint participant in the challenged activity." Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961). Finally, there is the "public function test," in which "[p]rivate activity becomes a 'public function' only if that action has been traditionally the exclusive prerogative of the State." Brunette, 294 F.3d at 1214 (internal citations omitted).

In his response to the order to show cause, plaintiff asserts "Gonzalez and Liebroch did in fact 'under color of law' benefit financially from using governmental influence and false imprisonment." ECF No. 6 at 1. Plaintiff asserts he can prove that "Gonzalez had direct knowledge of DEA agents casing" his properties and "direct knowledge of a pending lien on

4

Plaintiff's property without consent and under duress conspired with victims to defraud Plaintiff of residence." Id. Plaintiff fails to explain how defendant Gonzalez's alleged *knowledge* of certain government actions makes his actions fairly attributable to the state.[2] No theory of action under color of law appears from the facts alleged in the complaint.

Moreover, the complaint fails to identify any injury that can reasonably be construed as a constitutional violation. The gravamen of the complaint has to do with the handling of a family estate during the pendency of plaintiff's criminal case. No constitutional right of plaintiff's appears to be implicated. To the extent that plaintiff alleges defendants provided him with unconstitutionally deficient representation, his claim sounds in habeas corpus. In any event, any putative claim for civil damages would not be cognizable unless and until the criminal conviction has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

### 2. Any Putative §1983 Claim is Time-Barred

Even if plaintiff could articulate a viable §1983 claim, it would fail because the events plaintiff presents as a basis for this suit occurred between 2015 and 2018.[3] The statute of limitations (the period during which a plaintiff may sue) for an alleged § 1983 violation is two years. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (applicable statute of limitations for Section 1983 in California is two years). A federal civil rights claim "accrues," and the statute of limitations begins to run, "[w]hen the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007). Accordingly, even under a "light most favorable" reading of plaintiff's complaint, any civil rights violation would have accrued by the latest date mentioned in his papers: 2018. ECF No. 6 at 3. Plaintiff's complaint, filed 2023, came to this court well beyond the two-year statute of limitations.

////

---

[2] Furthermore, § 1982 liability is limited to *state* action; involvement with a federal agency cannot support a § 1983 claim.

[3] The undersigned does not rest on the untimeliness of the claim as an independent basis for sua sponte dismissal, but raises the issue both to illustrate the futility of amendment and for the benefit of plaintiff, should he attempt to re-file these claims.

### 3. Plaintiff Cannot Bring Claims Under Titles 18 or 33 of the U.S. Code

Plaintiff is also attempting to assert a claim under Title 18 and/or Title 33 of the United States Code. ECF No. 6 at 2. Title 18 is the federal criminal code. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Title 33 of the U.S. Code is entitled "Navigation and Navigable Waters." The specific section referenced by plaintiff, § 931, addresses penalties for willful misrepresentations related to Longshore and Harbor Workers' Compensation. 33 U.S.C. § 931. Nothing in plaintiff's complaint indicates that it is at all related to this statute.

### D. This Court Lacks Any Basis for Jurisdiction

Because the parties are not diverse and the complaint does not state, or support, any cognizable federal claim, this court lacks jurisdiction. Dismissal is therefore mandatory. See Fed. R. Civ. P. 12(h)(3) ("If the court determine at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. Conclusion

Good cause appearing, IT IS HEREBY RECOMMENDED that this case be DISMISSED with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////
////
////
////

6

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: June 20, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE